NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emanuel Charles Whiteside,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-03370-PHX-SRB<br><br>**ORDER** |

Petitioner, Emanuel Whiteside, filed an Amended Petition for Writ of Habeas Corpus on February 19, 2019. The Respondents answered and Petitioner filed a Reply. Petitioner raised four grounds for relief in his Amended Petition. He alleged ineffective assistance of pretrial counsel by failing to conduct any investigation, ineffective assistance of advisory counsel for deviating from Petitioner's requested closing argument, ineffective assistance of pretrial counsel by failing to advise Petitioner about the victim's second vehicle having been broken into and it containing keys to the vehicle Petitioner was convicted of stealing, and prosecutorial misconduct because the prosecutor failed to disclose the break in of the second vehicle, the call about Petitioner swerving which resulted in his arrest and the death of the arresting officer.

The Magistrate Judge filed his Report and Recommendation on November 5, 2019 concluding that there was no ineffective assistance of pretrial counsel as alleged in the first and third claims because Petitioner (who proceeded *pro se*) and his court appointed investigator had seven months before trial to conduct an investigation and offered no reason

why he could not have discovered whatever pretrial counsel allegedly did not investigate and also failed to identify any particular facts that such an investigation would have shown. Petitioner also failed to explain the significance to his defense of the facts related to the break in and spare keys in the victim's other vehicle. Moreover, the information about the second vehicle was contained in the police reports that were admittedly made available to Petitioner and his investigator.

The Magistrate Judge also concluded that Petitioner did not show ineffective assistance of advisory counsel who allegedly deviated from what Petitioner told him to say in closing arguments. Petitioner failed to proffer any facts to show that the alleged deviation constituted deficient performance or resulted in prejudice. On the claim of prosecutorial misconduct, the Magistrate Judge concluded that the information allegedly not disclosed was not *Brady* material, the information about the second vehicle was disclosed and was not exculpatory, there was no failure to disclose the caller who reported the swerving vehicle nor was anything said by the caller exculpatory and there was no failure to disclose that the arresting officer had died.

The Magistrate Judge concluded that all four claims lacked merit and recommended that the Amended Petition for Writ of Habeas Corpus be denied.

Petitioner filed a timely written objection and the Respondents filed a response. As noted in the Response to Petitioner's Objection, the Objection does not point to any specific errors in the Magistrate Judge's findings or conclusions but merely reiterates the same arguments that were in his Amended Petition. Without an objection that complies with Fed. R. Civ. P. 72(b)(2), the Court is not obliged to make a *de novo* review of the Report and Recommendation. Nevertheless, the Court agrees with the findings and conclusions of the Magistrate Judge and concludes that Petitioner's claims are without merit and his objection must be overruled.

IT IS ORDERED overruling Petitioner's Objection to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDER adopting the Report and Recommendation of the

Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED denying a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 2nd day of December, 2019.

Susan R. Bolton
United States District Judge